UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CUMIS INSURANCE SOCIETY, INC.,

    Plaintiff,

MERRICK BANK CORPORATION,
et al.,

    Defendants.
_____/

No. CV 09-80079 MISC CRB (EDL)

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

    In this case, which is pending in the District Court of Arizona, Plaintiff Cumis Insurance Society, Inc. ("Cumis") seeks recovery of indemnity payments it made to its insured credit unions for fraud losses resulting from a security breach at CardSystems Solutions ("CardSystems"), which is a payment-card processor. CardSystems became an agent of Defendant Merrick Bank Corporation ("Merrick") after Defendant Savvis, Inc. had issued a security certification regarding CardSystems. In the course of this litigation, nonparty Visa has provided Cumis with a list of Visa credit card accounts that were compromised in the CardSystems security breach. Merrick contends that Cumis' losses at issue in this case were caused at least in part by a separate security breach at TJX Companies ("TJX"), which occurred from July 2005 to January 2007, rather than the CardSystems' security breach, which occurred in 2004 and was discovered in May 2005.

    Accordingly, Cumis sought discovery from Visa of documents including credit card account numbers relating to the TJX security breach. See Decl. of Valerie Rojas Ex. F at 8. The parties met and conferred regarding the breadth of these requests, and subsequently narrowed the documents sought to the overlapping account numbers from the CardSystems breach and the TJX breach. The

Court concludes, and Cumis conceded at the hearing, that only the overlapping account numbers are relevant to Plaintiff's claims for the purposes of discovery.

Cumis argued that it should perform a comparison between the account numbers in the TJX breach and the CardSystems breach because Visa purportedly has a conflict of interest that prevents Visa from performing an objective comparison, but provided no evidence of any conflict, merely asserting that both parties involved are clients of Visa. Plaintiff has not shown that Visa has a conflict that would render it unable to perform a proper comparison itself and provide the results to Plaintiff, rather than release so much confidential data to Plaintiff. Therefore, Visa may perform a comparison of account numbers from the two security breaches and shall produce a list of overlapping numbers to Plaintiff. However, the Court cautions Visa to be transparent in its analysis explaining how it is doing the analysis to Plaintiff.

The reasonable costs of complying with this Order shall be split equally between Visa and Cumis. The Court makes no ruling at this time as to what costs are reasonable. The parties shall meet and confer as to the reasonableness of Visa's costs. If the parties are unable to reach agreement on the cost issue, they may submit a joint letter seeking permission to raise the dispute regarding the costs with the Court. The Court encourages the parties to resolve the cost issue without the Court's intervention.

**IT IS SO ORDERED.**

Dated: June 29, 2009

_Elizabeth D. Laporte_
HON. ELIZABETH D. LAPORTE
United States Magistrate Judge